UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL A. FOGLIA, | : |
| Petitioner, | : Civ. No. 19-13572 (CCC) |
| v. | : **MEMORANDUM AND ORDER** |
| BRUCE DAVIS, et al., | : |
| Respondents. | : |

*Pro se* Plaintiff Paul A. Foglia ("Plaintiff") petitions the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Before the Court is Petitioner's request for a January 17, 2012, state court hearing transcript relevant to his first ground for relief (Ground One). ECF No. 16-2. For the reasons discussed below, the request is granted and the Court will order Respondents to provide the transcript. The Court will further order Respondents to provide the transcripts from Petitioner's first trial, as well as the state court briefs relevant to the issue raised in Ground One. Finally, the Court will order Respondents to provide supplemental briefing on Ground One. Petitioner will be given an opportunity to respond to the supplemental brief if he so chooses.

I.  **BACKGROUND**

In 2005, Petitioner was indicted for first-degree murder, second-degree burglary, first-degree felony murder, and third-degree possession of a weapon for an unlawful purpose. *State v. Foglia*, 415 N.J. Super. 106, 110, 1 A.3d 703, 706 (App. Div. 2010); ECF No. 14-3 (judgment of conviction). In 2008, following a jury trial, he was convicted of knowing and/or purposeful murder, the weapon offense, and the lesser-included charge of criminal trespass. *Foglia*, 415 N.J. Super. at 110–11, 1 A.3d at 706 (App. Div. 2010); ECF No. 14-3. In 2010, the Superior Court of

New Jersey, Appellate Division, reversed the conviction and related charges. *Foglia*, 415 N.J. Super. at 112, 1 A.3d at 707.

Before his 2012 retrial, Petitioner moved to preclude the State from arguing and presenting evidence in support of the theory that he entered the victim's home with the intent to kill her. ECF No. 16 at 26–27. Relying on *Ashe v. Swenson*, 397 U.S. 436, 445–46 (1970), Petitioner argued that, by convicting him of the lesser included offense of criminal trespass rather than burglary, the first jury necessarily decided that he did not intend to commit an offense, *i.e.*, kill the victim, when he entered her home. ECF No. 1 at 27–29. The trial court ruled that the State was not precluded from offering evidence about Petitioner's "knowledge and/or purpose as to the charge of murder," but it was precluded from asserting in its opening argument that Petitioner's specific purpose for entering the victim's dwelling was to commit a crime. ECF No. 1 at 18–19; ECF No. 16-1 at 3.

On interlocutory appeal, the Appellate Division reversed. ECF No. 1 at 44–45. The court found, *inter alia*, that Petitioner "[did not meet] his burden of proving that the jury in the first trial actually decided that he did not have a purpose to commit murder at any time before he entered the [victim's] home" on the night of the crime. *Id.* at 45. In so finding, the Appellate Division reviewed "the briefs submitted, excerpts of the jury charge from the first trial, the verdict sheet from the first trial, the transcript of the oral arguments presented to the Law Division on [Petitioner's] motion in limine, and [its] prior opinion . . . which reversed the guilty verdict from the first trial . . . ." *Id.* at 44. Certification was denied (*Id.* at 7), and Petitioner was retried before a jury. He was again convicted of first-degree murder, third-degree possession of a weapon for an unlawful purpose, and fourth-degree criminal trespass. *State v. Foglia*, No. A-0645-12T3, 2014 WL 6460720, at *1 (N.J. Super. Ct. App. Div. Nov. 19, 2014); ECF No. 14-5 at 2 (judgment of conviction).

## II.     DISCUSSION

In his habeas petition, Petitioner challenges his conviction on three grounds, including, as relevant here, that his double-jeopardy and collateral-estoppel rights were violated when the State presented evidence and arguments at his second trial relevant to his alleged intent to kill the victim when he entered her home because that issue was allegedly resolved in Petitioner's favor at his first trial. ECF No. 1 at 5 (Ground One). The State answered (ECF No. 14), including with its answer (i) relevant state court decisions, (ii) the parties' briefing on Petitioner's state court direct and collateral appeals in connection with his second trial, and (iii) most of the motion, trial, and post-conviction relief hearing transcripts from Petitioner's second trial (ECF Nos. 14-1 through 14-50). The State did not include (i) the January 17, 2012, transcript of the parties' oral argument on Petitioner's motion to preclude the State from arguing Petitioner's intent, (ii) the State's briefing on that issue to the trial court, Appellate Division, or New Jersey Supreme Court, or (iii) the trial transcripts from the first trial.

The Third Circuit recently set forth the framework for determining whether collateral estoppel bars relitigation of an issue:

> [Petitioner] bears the burden of "'demonstrat[ing] that the issue whose relitigation he seeks to foreclose was actually decided' by a prior jury's verdict of acquittal." *Bravo-Fernandez v. United States*, 580 U.S. 5, 12 (2016) (quoting *Schiro v. Farley*, 510 U.S. 222, 233, 114 S. Ct. 783, 127 L.Ed.2d 47 (1994)). Under *Ashe*, collateral estoppel only bars the second trial "if to secure a conviction the prosecution must prevail on an issue the jury necessarily resolved in the defendant's favor in the first trial." *Currier v. Virginia*, 138 S. Ct. 2144, 2150 (2018); *Ashe*, 397 U.S. at 446, 90 S. Ct. 1189 (finding that once the first jury "had determined upon conflicting testimony that there was at least a reasonable doubt that the petitioner was one of the robbers, the State could not present the same or different identification evidence in a second prosecution for the [same] robbery . . . in the hope that a different jury might find that evidence more convincing."). "To say that the second trial is tantamount to a trial of the same offense as the first and thus forbidden by the Double Jeopardy Clause, [the court] must be able to say that 'it would have been *irrational* for the jury' in the first trial to acquit without finding in the defendant's favor on a fact essential to a conviction in the second." *Currier*, 138 S. Ct. at 2150

3

>   (emphasis in original) (quoting *Yeager v. United States*, 557 U.S. 110, 127 (2009) (Kennedy, J., concurring in part and concurring in the judgment)).
>
>   "[S]o long as a reasonable jury 'could have' based its decision on facts that would not create a double jeopardy violation, the subsequent prosecution may move forward." *Wilkerson v. Superintendent Fayette SCI*, 871 F.3d 221, 233 (3d Cir. 2017) (quoting *Ashe*, 397 U.S. at 444, 90 S. Ct. 1189). "[W]here no clear answer emerges, the tie goes to the Government . . . ." *Id.* The defendant bears a "heavy burden," but "the government cannot avoid the preclusive effect of a general jury verdict by speculating that the verdict could have been based upon a finding that the government failed to prove elements that were never contested by the defense." *United States v. Rigas*, 605 F.3d 194, 217–18 (3d Cir. 2010).
>
>   The rule of collateral estoppel is "not to be applied with the hypertechnical and archaic approach of a 19th century pleading book, but with realism and rationality." *Ashe*, 397 U.S. at 444, 90 S. Ct. 1189. We "examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration." *Id.* (citation omitted). "The inquiry 'must be set in a practical frame and viewed with an eye to all the circumstances of the proceedings.'" *Id.* (quoting *Sealfon v. United States*, 332 U.S. 575, 579 (1948)).
>
>   Within this framework, the Court must consider (1) what issue, if any, the first jury necessarily decided in [petitioner's] favor, and (2) whether the Commonwealth was required to prevail on that issue during [petitioner's] second trial to secure a conviction. *Currier*, 138 S. Ct. at 2150.

*Tapper v. Superintendent Mahanoy SCI*, 854 F. App'x 450, 453–54 (3d Cir. 2021).

Here, as noted above, Petitioner argues in Ground One that his double-jeopardy and collateral-estoppel rights were violated when the State presented certain evidence and arguments in the second trial relevant to his alleged purpose and intent in entering the victim's home. ECF No. 1 at 5. Respondents did not brief this issue in their answer in accordance with the relevant legal framework, and instead summarily asserted that Petitioner has not established prejudice and has failed to establish a violation of his constitutional rights to a fair trial. ECF No. 14 at 37. As also noted above, Respondents did not provide the Court with the record from the first trial. Without the record of the first trial, the Court cannot adequately assess the merits of Petitioner's claim on Ground One.

### III. CONCLUSION

Accordingly, **IT IS** on this 30th day of August, 2023,

**ORDERED** that Petitioner's request for the January 17, 2012, state court hearing transcript relevant to his first ground for relief (ECF No. 16-2) is **GRANTED**, and within 30 days of the date of this Memorandum and Order, Respondents shall provide the transcript; and it is further

**ORDERED** that within 30 days of the date of this Memorandum and Order, Respondents shall provide the transcripts from Petitioner's first trial and the state-court briefs relevant to the issue raised in Ground One; and it is further

**ORDERED** that within 30 days of the date of this Memorandum and Order, Respondents shall provide supplemental briefing on Ground One in accordance with the relevant legal standard set forth above; and it is further

**ORDERED** that Petitioner shall respond, if he so chooses, to Respondents' supplemental briefing within 30 days of receipt of such briefing; and it is further

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this matter pending receipt of the state court record and supplemental briefing specified herein; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum and Order upon Petitioner by regular U.S. mail.

s/ Claire C. Cecchi
**CLAIRE C. CECCHI, U.S.D.J.**